UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| MICHAEL HOUSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 18-4114 |
| | ) | |
| RUSHVILLE POST OFFICE, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

### MERIT REVIEW ORDER

Plaintiff, proceeding *pro se* and presently civilly committed at Rushville Treatment and Detention Facility ("TDF"), filed the present action alleging that government officials unlawfully rerouted a package sent to him via the United States Postal Service. Plaintiff filed a Motion for Leave to Proceed *in forma pauperis*. (Doc. 3). The motion is denied.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune from such relief, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this court grants leave to proceed *in forma pauperis* only if the complaint states a federal action.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to

"state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges in his complaint that he never received a care package containing approximately $450.00 in food and other merchandise that his family sent to him at the facility. Plaintiff alleges that the items had been previously approved by TDF security staff. Plaintiff alleges that, upon inquiry through the TDF grievance process, he "was informed that someone had [his] package turned around and [sent] to a post office somewhere in Chicago, Illinois." (Doc. 1 at 6). Plaintiff alleges that the post office in Rushville, Illinois did not respond to his requests for information, and that the "post office general" confirmed his package was somewhere in Chicago. Plaintiff alleges that he did not authorize anyone to send his package to Chicago, and that he does not "know who had my package [sent] to Chicago, Illinois or why." *Id.* Plaintiff sued the United States Postal Service, the Rushville Post Office, and three federal government officials.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Although the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b), generally waives sovereign immunity for negligent acts committed by federal employees acting within the scope of their employment, any waiver therein provided is inapplicable to "any claim arising out of the loss, miscarriage, or negligent transmission of letters or other postal matter." 28 U.S.C. § 2680(b); *see also Dolan v. U.S. Postal Service*, 546 U.S. 481 (2006). Plaintiff's claim based upon the non-delivery of his package falls squarely into the types of claims to which sovereign immunity has not been waived.

To the extent that Plaintiff seeks to proceed under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), he runs into other problems. Plaintiff's allegations suggest that the deprivation of property he suffered was the result of an intentional, but unauthorized, act of an unidentified government official. In other words, the diversion of Plaintiff's package was not mandated by an established TDF or other governmental policy—the culprit acted on his own volition. In this scenario, the deprivation Plaintiff alleges does not violate the constitution where state law provides a meaningful post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 530 (1984). The Illinois Court of Claims provides such a remedy. *See Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993). In addition, Plaintiff cannot sue an individual under these provisions merely because the individuals held supervisory positions. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (no vicarious liability under § 1983).

Accordingly, the Court finds that the officials Plaintiff seeks to sue are immune from suit and that he fails to state a claim upon which relief can be granted. Any amendment to the complaint would be futile.

**IT IS THEREFORE ORDERED:**

1) **Plantiff's Motion for Leave to Proceed in forma pauperis [3] is DENIED.**

2) **This case is dismissed. All pending motions are denied as moot, and this case is closed. Clerk is directed to enter judgment pursuant to Fed. R. Civ. P. 58.**

3) **If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to**

**appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.**

Entered this 20th day of July, 2018.

                                         *s/Sara Darrow*
                                    SARA DARROW
                      UNITED STATES DISTRICT JUDGE